# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CAROLE HOLLAND,<br><br>                    Plaintiff,<br><br>     v.<br><br>PACIFIC RIM CAPITAL ALLIANCE CORPORATION, d/b/a/ CHECKMATE and DOES 1-10 jointly and severally,<br><br>                    Defendants. | **Case No.**  C04-5597JKA<br><br>ORDER GRANTING DEFENDANTS MOTION FOR SUMMARY JUDGMENT |

THIS MATTER comes before the court on motion of Pacific Rim Capital Alliance Corporation d/b/a/ Checkmate for summary judgment dismissing plaintiff's claims for relief. The court has considered all materials submitted in support of and in response to said motion as well as the files and records herein.

Plaintiff seeks damages for alleged violations of her right to be from sexual harassment and retaliation under both Federal and State law.

Plaintiff asserts that defendant engaged in a pattern and practice of creating and maintaining a sexually hostile work environment and retaliated against plaintiff for complaining and resisting that environment. She alleges exposure to pornographic magazines (*Maxim, Stuff*, and *FHM*) and sexual innuendo from the Howard Stern and other raunchy radio disc jockeys.

ORDER
Page - 1

Plaintiff is required to show that the alleged harassment was sufficiently severe and persistent to seriously affect her emotional or psychological well-being. Prior to the filing of this motion, plaintiff voluntarily dismissed her damage claims relating to emotional distress.

It is undisputed that plaintiff was employed by the defendant corporation in multiple locations, and that the corporation provided a company handbook. Defendant submits the company handbook which states its policy against discrimination and articulates in detail instructions for an employee to follow if he/she feels victimized by discrimination. Plaintiff responds acknowledging receipt of a handbook, acknowledges following to a limited extent the directions described by defendant in the handbook offered by the defense, but refuses to acknowledge that the handbook received is the same as the handbook referenced by the defendant. Plaintiff excuses her failure to follow through with the instructions in the handbook on the basis that she had been advised not to contact company officials outside the state and that they would support the persons against whom her complaint was lodged.

Nowhere in her response to this motion does plaintiff identify what "pornographic" images she was exposed to. Although she states the magazines were "left around where I could see it," she doesn't claim that she in fact saw any offensive images nor does she describe what constitutes an offensive image. Defense on the other hand, describes in detail the kinds of images portrayed in these magazines, none of which would appear to meet the test of pornography.

With regard to the radio shows, plaintiff describes "sexually explicit" shows discussing "masturbation to even worse – constantly." While this unwelcome discussion may have been in poor taste, plaintiff is far too vague. Plaintiff has not set forth sufficient detail to establish what she concedes is the thrust of her argument – that the conduct had the purpose or effect of unreasonably interfering with her work performance or creating an intimidating or hostile or offensive work environment.

In her response plaintiff does not counter defense allegations that plaintiff, herself, discussed (a) sex and oral sex on the job, (b) her "slut" stage in dating," (c) her attendance at a "raunchy" strip show with co-workers, and (d) her daughter dancing topless at a local strip club.

Plaintiff acknowledges that her supervisor offered to ban all magazines and radio from the work place and that she did not take him up on his offer. While it is understandable that plaintiff might not have wanted to appear to be the cause of other employees losing their magazine and radio show "privileges" the undisputed testimony appears to be that the employees (plaintiff included) worked in a loose atmosphere to which they all contributed. There is no evidence to support the notion that defendant's alleged activities were specifically directed to plaintiff.

The court has reviewed the case authority cited by both parties. The parties do not disagree as to the applicable legal standards. Constructive discharge, hostile work environment, and retaliation claims tend to be fact-specific. The case of *Manatt v. Bank of America*, 339 F.3d 792 (9th Cir. 2003) in which the appellate court sustained the trial court's grant of summary judgment in favor of the defendant is instructive. This hostile work environment and discrimination claim arose out of a factual scenario in which the allegations of race discrimination were in fact clearly directed to plaintiff Manatt; they were far less generic than the claims in the case at bar. Manatt clearly suffered adverse employment actions resulting in a loss of job prestige. Such was not the case with Ms. Holland. Lastly, there is absolutely no assertion or evidence that Manatt acquiesced in, tolerated, or encouraged the conduct complained of.

**Defendant's motion for summary judgment dismissing plaintiff's claims is hereby granted.**

Dated this 3rd day of November 2005

*/s/ J. Kelley Arnold*
U.S. Magistrate Judge, J. Kelley Arnold

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28